PLAINTIFF'S MOTION FOR LEAVE TO AMEND

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. HELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| ALLIED PILOTS ASSOCIATION, | )   Civil No. |
| | ) |
| JOHN W. JIRSCHELE, | ) |
| | ) |
| ~~JAMES G. SOVICH,~~ | ) |
| | ) |
| ~~JAMES C. CONDES,~~ and | ) |
| | ~~)~~ |
| MARTIN G. REEDY, | ~~)~~ |
| | ~~)~~ |
| Defendants. | ~~)~~ |

**VERIFIED AMENDEND COMPLAINT**

Robert S. Held (hereinafter "HELD"), the Plaintiff above-named, as and for his Complaint against Defendants American Airlines, Inc. (hereinafter "AMERICAN"), the Allied Pilots Association (hereinafter "APA"), John W. Jirschele (hereinafter "JIRSCHELE"), ~~James G. Sovich (hereinafter "SOVICH"), James C. Condes (hereinafter "CONDES"),~~ and Martin G. Reedy (hereinafter "REEDY"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action to remedy the unlawful abridgement of the federally protected statutory rights of a politically active union member who was fired by his employer for political speech made entirely within the union hall that involved coarse language directed toward a senior union official who was a supporter of a management-

friendly faction within the union. Rather than the union attempting to internally discipline the member for his political speech, union officials engaged in concealed and coordinated activities with the employer and others to cause the termination of the union member, and to deny the member fair representation by the union after termination.

2. This action is brought pursuant to 45 U.S.C. § 152, Third and Fourth alleging violations of the Railway Labor Act (45 U.S.C. § 151, et seq.) (hereinafter "RLA"), the Labor-Management Reporting and Disclosure Reporting Act (29 U.S.C. § 401, et seq.) (hereinafter "LMRDA"), and the common law of the state of Illinois. HELD brings this action (a) against the defendant AMERICAN for unlawful termination of employment contrary to public policy in violation of the RLA, LMRDA, and the applicable collective bargaining agreement, and (b) against the defendant APA for breach of its duty of fair representation **and violation of the LMRDA**, and (c) against ~~the~~ defendants JIRSCHELE~~, SOVICH, CONDES,~~ and REEDY for wrongful interference with plaintiff's employment.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §§1331 and 1337.

4. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391, as AMERICAN is a corporation doing business in this district.

## PARTIES AND MATERIAL WITNESSES

5. Prior to being hired as a pilot for AMERICAN, HELD was a fighter pilot in the U.S. Air Force with a Top Secret security clearance.

2

15. AMERICAN maintains offices, transacts business and performs services in Illinois.

16. APA is a national labor organization within the meaning of the LMRDA[2] and is the recognized collective bargaining representative for the airline pilots in the service of AMERICAN according to the provisions of the RLA.

17. APA maintains its headquarters in Fort Worth, Texas.

18. APA has chartered nine local labor organizations within the meaning of the LMRDA[3] in the United States, with each local being co-located with pilot bases of AMERICAN, referred to by APA as "domiciles," including the Chicago ("APA ORD") and Boston ("APA BOS") Domiciles.

19. The APA Chicago Domicile ("APA ORD") is chartered by APA within the District.

20. JIRSCHELE, on information and belief, is a resident of the state of Illinois.

21. JIRSCHELE is the most senior management supervisor of pilots for AMERICAN at Chicago O'Hare Airport. He holds the title of Director of Flight – ORD and is assigned by AMERICAN to Chicago O'Hare Airport.

22. **James G. Sovich (hereinafter "SOVICH")**, on information and belief, is a resident of the state of New Hampshire.

23. SOVICH is assigned by AMERICAN to duty at Boston Logan Airport.

24. SOVICH has previously been elected and served as President of APA – the highest APA office – and was President while REEDY was an officer of APA.

---

[2] See, 29 U.S.C. § 402(i) and (j)
[3] See, 29 U.S.C. § 402(j)(3)

4

25. SOVICH currently holds the elected union office of Chairman of APA BOS and, thereby, serves on the APA BOD.

26. SOVICH's actual role and activities within APA are inconsistent with, and disproportionate to, his status as the chairman of a small local.

27. SOVICH undertakes frequent "paid union leave" absence from work for AMERICAN and frequently works at APA headquarters in Fort Worth, Texas.

28. SOVICH received more money from APA during the fiscal year ending June 30, 2005 than any other officer of APA, including the APA national officers.

29. On information and belief, SOVICH wields substantial influence and control over the employees of APA, as well as having a significant say regarding their continued employment.

30. **James C. Condes (hereinafter "CONDES")**, on information and belief, is a resident of the state of Indiana.

31. CONDES is assigned by AMERICAN to duty at Chicago O'Hare Airport.

32. CONDES currently holds the elected union office of Vice Chairman of APA ORD and, thereby, serves on the APA BOD.

33. REEDY, on information and belief, is a resident of Illinois and is a supervisory pilot ("Check Airman") assigned by AMERICAN to duty at Chicago O'Hare Airport.

34. REEDY has previously been elected and served as an officer of APA as APA ORD Vice Chairman and, thereby, is a former member of APA's Board of Directors ("APA BOD").

**FACTUAL BACKGROUND**

165. Early in the discussion, several members of the APA BOD expressed or implied the view that APA policies or the LMRDA proscriptions against disciplining members engaged in free speech under the union members' bill of rights effectively prevented APA from disciplining HELD for his C&R post.

166. In a January 25, 2005 message in the BOD E-Mail List Discussion, SOVICH advocated expulsion from the union for HELD.

167. On January 25, 2005, SOVICH wrote that the answer to the problems APA faced in being unable to ~~disciple~~**discipline** HELD could be solved by HELD being disciplined by AMERICAN.

168. SOVICH added that, if APA was unable to expel HELD from APA, HELD's January 22, 2005 C&R post was "likely to end up" at AMERICAN and SOVICH said this would result in HELD's termination.

169. SOVICH wrote ~~the~~**that** HELD "should be ejected from the union for this vicious, libelous, unprovoked, unprofessional despicable attack on a fellow union member. If we cannot police our own this will end up in HR. It is likely to anyway and will end up as a termination."

170. On information and belief, on or about January 25, 2005, CONDES discussed HELD's January 22, 2005 C&R post with employees of the APA Legal Department at APA headquarters.

171. Neither CONDES nor APA ever disclosed the existence and substance of that discussion to HELD.

25

370. AMERICAN acknowledged misleading testimony they gave under oath by abandoning the claim that a supervisory pilot – a Check Airman – was a "line pilot" and revising it to only claim that REEDY was a non-management pilot.

371. On information and belief, on or after February 15, 2006, the Arbitrator notified the members of the System Board that he would not reconvene or consider new evidence. This decision was relayed to Bodian via e-mail.

372. On February 22, ~~2005~~2006, the System Board of Adjustment published its decision to sustain the termination.[36]

373. Until at least February 15, ~~2005~~2006, HELD had maintained real hope that his employment would be restored by the System Board of Adjustment.

374. On February 27, 2006, union-appointed System Board member Robert Ames wrote a letter to the APA Board of Directors laying out the institutional damage that would be caused to APA if they did not pursue legal action to correct the injustice of the arbitrator's decision.[37]

375. The APA Board of Directors met from February 27 to March 3, 2006 and took no action on the issues raised in Ames' letter.

**Article VII Complaint Against Sovich**

376. APA handled and decided all aspects of HELD's February 26, 2005 Article VII complaint against SOVICH[38] with incompetence, interference, undue and improper prejudice against HELD, and hostility toward HELD.

---

[36] See, Exhibit 7, System Board decision, February 22, 2006.
[37] See, Exhibit 8, Ames letter, February 27, 2006.
[38] See, paragraph 199 regarding Held's February 26, 2005 Article VII complaint.

384. In the July 11, 2005 letter, Eaton told HELD that his challenge of the decision had been sent to the PRB and that he should await further instructions.

385. Nine months later, on April 17, 2006, having not heard from Eaton or the PRB, HELD inquired by letter to Eaton as to the status of the challenge.

386. On April 19, 2006, Eaton replied and stated that there had been an "error" in handling his challenge and that the PRB never received the notice of challenge.

387. Eaton also stated that HELD was **no** longer entitled to PRB review because he had been terminated by AMERICAN but that, "in the interest of fairness," the matter would now be handled by the PRB.

388. On or about April 21, 2006, HELD received a package from APA with 17 documents related to the PRB including a 3-page document titled "Rules for Appeals," October 4, 2005.

389. On May 18, 2006, in accordance the PRB Rules for Appeals, HELD filed a comprehensive brief and motion requesting that a hearing be convened since there had never been a hearing.

390. On June 1, 2006, PRB member Geoghegan issued an order recusing himself, leaving the remaining PRB member, Carlson, to decide the case.

391. On June 30, 2006, HELD received notice that Carlson was still reviewing the case and that the Respondent (SOVICH) had not filed a reply brief, nor had he opposed HELD's motion to convene a hearing.

392. HELD received no notice of any PRB hearings or inquiry.

56

speech to and among union members, in a password protected union forum, in an ongoing union political controversy."

476. APA knew that REEDY was the complainant and withheld this information from HELD knowing that it would have assisted in HELD's defense.

477. APA withheld the information about REEDY from HELD because it would have exposed the complicity of the other defendants in this Complaint who had engaged in misconduct.

478. APA mischaracterized the facts and blamed HELD for losing the arbitration in a nationally-transmitted e-mail on March 22, 2006.

HELD incorporates by reference the allegations of paragraphs 1 through 478 above as both direct and indirect evidence of defendant's unlawful conduct, and in addition, avers that APA's conduct as set forth above in this regard constitutes unlawful activity in violation of its duty of fair representation, justifying an award of punitive damages against the APA.

## COUNT III – WRONGFUL INTERFERENCE WITH EMPLOYMENT

As and for his third claim for relief against JIRSCHELE, **and** REEDY, ~~CONDES, and SOVICH,~~ the plaintiff hereby incorporates each of the foregoing allegations as if fully set forth hereunder and further alleges as follows:

479. HELD was employed by AMERICAN pursuant to the valid and enforceable Contract between the APA and AMERICAN which entitled HELD the reasonable expectation of his employment until retirement.

480. JIRSCHELE, **and** REEDY, ~~CONDES and SOVICH~~ were fully knowledgeable of HELD's contractual employment entitlements and reasonable

71

cause HELD to be terminated, thereby intentionally and without lawful justification induced AMERICAN to breach its contract with HELD.

~~484. Prior to any complaint being made to AMERICAN, SOVICH engaged in substantial discussion about HELD's post with other members of the APA Board of Directors, including CONDES, in which he (a) admitted that APA had neither the authority nor policies to punish HELD for his union political speech, and (b) stated that AMERICAN would receive a complaint and HELD would then be terminated.~~

~~485. Prior to any complaint being made to AMERICAN, SOVICH ordered APA to produce and distribute to at least all other members of the APA Board of Directors, including CONDES, the "Rob Held Please Post" Posters with the specific purpose and intent that it be posted in the workplace of AMERICAN to attack HELD, draw negative attention to HELD, and cause AMERICAN to terminate HELD.~~

~~486. SOVICH, through his actions and involvement in the events described in this complaint intentionally and without lawful justification, induced AMERICAN to breach its contract with HELD.~~

484. **[paragraph relocated to ¶ 489 unchanged].**

485. **[paragraph relocated to ¶ 490 unchanged].**

486. **[paragraph relocated to ¶ 491 and amended].**

487. AMERICAN was induced by the actions of JIRSCHELE, REEDY, CONDES, and SOVICH to breach its contract with HELD and violate the RLA and LMRDA when it wrongfully inserted itself into an ongoing political dispute and subsequently suspended and terminated HELD for his political speech made entirely within the union hall.

73

488. HELD has suffered damages caused by the loss of his employment with AMERICAN.

HELD incorporates by reference the allegations of paragraphs 1 through 488 above as both direct and indirect evidence of defendant's unlawful conduct, and in addition, avers that these defendant's conduct as set forth above in this regard constitutes unlawful activity in violation of Illinois law prohibiting interference with contract, justifying an award of damages against them.

### COUNT IV – VIOLATION OF THE LMRDA

As and for his fourth claim, entitling him to additional relief from APA, the plaintiff hereby incorporates each of the foregoing allegations as if fully set forth hereunder and further alleges as follows:

489. **Prior to any complaint being made to AMERICAN, SOVICH engaged in substantial discussion about HELD's post with other members of the APA Board of Directors, including CONDES, in which he (a) admitted that APA had neither the authority nor policies to punish HELD for his union political speech, and (b) stated that AMERICAN would receive a complaint and HELD would then be terminated.**

490. **Prior to any complaint being made to AMERICAN, SOVICH ordered APA to produce and distribute to at least all other members of the APA Board of Directors, including CONDES, the "Rob Held Please Post" Posters with the specific purpose and intent that it be posted in the workplace of AMERICAN to attack HELD, draw negative attention to HELD, and cause AMERICAN to terminate HELD.**

74

491. **JIRSCHELE, SOVICH, CONDES, and REEDY through their actions and involvement in the events described in this complaint intentionally and without lawful justification, induced AMERICAN to discipline and terminate HELD for engaging in protected political speech inside the union hall for which APA could not lawfully sanction HELD.**

**HELD incorporates by reference the allegations of paragraphs 1 through 491 above as both direct and indirect evidence of defendant's unlawful conduct, malicious intent and reckless and wanton indifference to the rights of the plaintiff and, in addition, avers that these defendant's conduct as set forth above in this regard constitutes violation of the provisions of Title I of the LMRDA that prohibit discipline of a union member for his criticism of the actions of an elected union official.**

## DAMAGES

As a direct and proximate cause of the defendant's unlawful employment policies and practices, the plaintiff has been damaged as follows:

    (a)    Loss of present and future wages;

    (b)    Loss of future earning capacity;

    (c)    Impairment of reputation;

    (d)    Other financial losses.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for judgment in his favor and against the defendants AMERICAN AIRLINES, the ALLIED PILOTS ASSOCIATION, JOHN

75

JIRSCHELE, ~~JAMES SOVICH, JAMES CONDES~~ and MARTIN REEDY and prays that the following relief be awarded to the plaintiff:

- (a) A permanent injunction enjoining AMERICAN from violating the LMRDA and the RLA by prohibiting AMERICAN from:

    - i. Monitoring of, or acting upon in any way, the activities of union members participating in a "virtual union hall" including C&R;

    - ii. Applying any of its rules of conduct to union activity by union members on union issues within the union hall;

- (b) A court order requiring AMERICAN to immediately inform all of its employees by a single-subject letter to their home addresses, as well as in refresher training administered to all employees at least annually, regarding the proscriptions in the injunction described in (a) above.

- (c) A court order that AMERICAN pay to HELD an amount equal to full months of flying he was unable to do going back to April 4, 2005 and continuing through the restoration of his employment, plus interest thereon, pension rights and other benefits;

- (d) A court order immediately requiring AMERICAN to restore HELD to normal employment by AMERICAN and to entirely and permanently expunge from HELD's employment record any adverse notation regarding the circumstances of this case;

- (e) In lieu of reemployment of HELD by AMERICAN, a court order requiring AMERICAN to pay HELD compensatory and consequential damages for the loss of potential lifetime career earnings and appropriate fringe benefits caused by AMERICAN's violation of the RLA, LMRDA and the contractual rights of HELD;

- (f) Liquidated damages against AMERICAN for willful violation of the RLA and LMRDA;

- (g) An award of reasonable attorneys' fees and the costs and expenses related to the prosecution of these claims, including HELD's attorney's fees in representing himself before the System Board of Adjustment;

- (h) Punitive and Exemplary damages against AMERICAN in an amount sufficient to discourage such future conduct;

- (i) A court order requiring APA pay to HELD his full back pay from April 4, 2005 plus interest thereon, pension rights and other benefits, as well

          payment to HELD for the loss of potential lifetime career earnings and appropriate fringe benefits caused by APA's complicity in HELD's termination and failure to fairly represent him after the termination;

(j)      A court order that JIRSCHELE, ~~SOVICH, CONDES~~ and REEDY pay to HELD his full back pay from April 4, 2005 plus interest thereon, pension rights and other benefits, as well a payment to HELD for the loss of potential lifetime career earnings and appropriate fringe benefits caused by their individual and collective complicity in wrongful interference with HELD's employment;

(k)      Any further relief deemed appropriate;

(l)      A court order retaining jurisdiction over the issues of dispute and the manner of their resolution.

(m)      **Punitive and Exemplary damages against APA in an amount sufficient to discourage such future conduct;**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.**

          Respectfully submitted,

          Robert S. Held
          pro se

Robert S. Held
3142 Redwood Court
Flossmoor, Illinois 60422-2267
(708) 957-7710
(866) 456-8491 fax

77

## VERIFICATION

I have read the foregoing **amended** complaint which I am filing on behalf of myself. I know its contents to be true of my own personal knowledge, except for those facts to which I attest based upon information and belief.

                                                I hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on ~~August~~ **November** ____, 2006.

                                                  _____

                                                  Robert S. Held